LaBELLE *v.* STATE TAX COMMISSION

[No. 252, September Term, 1957.]

*Decided June 16, 1958.*

*Motion for rehearing filed June 20, 1958, denied July 2, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Catherine LaBelle, pro se,* for the appellant.

*Stedman Prescott, Jr., Deputy Attorney General,* with
whom was *C. Ferdinand Sybert, Attorney General,* on the
brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.
The main question presented for determination is whether

the State Tax Commission had jurisdiction to hear an appeal by the property owner from the refusal of the taxing authorities of Montgomery County to reduce an assessment that had become final before they were asked to act. The Commission and the Circuit Court, on appeal, ruled that the Commission had no jurisdiction under the circumstances.

On April 14, 1955, Catherine LaBelle, the appellant, received a notice from the Appeal Tax Court of Montgomery County, stating that the Assessing Department had recommended that a partial assessment of $8,900 be placed on the house she was having built, and advising her that the recommendation would be approved by the Appeal Tax Court and said amount entered on the assessment docket as of May 1st for the levy year 1955 unless she protested in writing to the Appeal Tax Court on or before April 29, 1955. The notice concluded: "You will then be notified of a hearing before the Appeal Tax Court at which time you may appeal to show why the amount recommended should not stand." The notice further advised the appellant: "If an explanation of an assessment is desired, Please call in person at the Assessment Office * * *." Mrs. LaBelle sought an explanation of the assessment at the assessors' office before April 29, 1955, and at that meeting submitted evidence she relied on to show that the cost of her unfinished house was lower than the assessing authorities thought. Mrs. LaBelle says that she relied on assessor Duvall's "definite and repeated assurances that all taxpayers were being treated alike in that the valuations of all houses were strictly commensurate with (1) usable area and (2) cost of reproduction and consequently were substantially uniform and equitable." She says that because the members of the Appeal Tax Court were not personally present at its office for two or three days before April 29, 1955, "for the business of hearing appeals resulting from the Notices of Assessment sent out on April 14, 1955", she could not "protest orally", as allowed by Code, 1957, Art. 81, Sec. 29, "except at the Assessor's Office, in accordance with the instructions given in the Notice of Assessment." After her conference with assessor Duvall prior to April 29, Mrs. LaBelle wrote additional letters to the assessors "in an

unsuccessful attempt to obtain bona-fide explanations and justifications of the assessments against my property," and, she says, eventually was referred to the Appeal Tax Court for Montgomery County.

On November 25, 1955, Mrs. LaBelle protested the assessment on her dwelling for the year 1955 to the Appeal Tax Court. On December 19, 1955, the court heard her protest under the provisions of Code, 1951, Art. 81, Sec. 66 (Sec. 67 of the 1957 Code). No transcript was made of the proceedings at that hearing. The statute under which the court proceeded provides that the taxing authority of the counties named "may, by an order in writing signed by a majority of the members thereof, and approved in writing by the Supervisor of Assessments * * * of the County and by the Treasurer of the County, (in Montgomery County the Director of the Department of Finance), decrease or abate an assessment after the date of finality for any year, whether a protest against said assessment was filed before the date of finality or not, in order to correct erroneous and improper assessments and to prevent injustice, provided that the reasons for such decrease or abatement shall be clearly set forth in such order." The Appeal Tax Court, after the hearing, proposed a reduction in the assessment but the Supervisor of Assessments and the Director of Finance of Montgomery County would not concur and, as a consequence, the original assessment, entered as of May 1, 1955, the date of finality, was allowed to stand. The appellant entered an appeal to the State Tax Commission. She was notified by the Commission that on May 2, 1956, it would hear her only on the question of its jurisdiction to entertain the appeal and if it found it had jurisdiction, there would be a later hearing on the merits. No transcript was made of the hearing before the State Tax Commission. At its conclusion the Commission made two findings of fact: (1) Mrs. Labelle had received a valid notice of assessment, and (2) she had failed to demand a hearing before the Appeal Tax Court of Montgomery County before the date of finality. The Commission found that it had no jurisdiction to entertain an appeal from any action or refusal

to act under the provisions of what was then Sec. 66 of Art. 81 of the Code, and dismissed the appeal.

The Circuit Court for Montgomery County likewise dismissed Mrs. LaBelle's appeal to it from the action of the Commission for the reasons given by the Commission.

Mrs. LaBelle argues (1) that the notice of assessment sent her on April 14, 1955, was invalid because (a) it did not set a specific day for a hearing by the Appeal Tax Court on the new assessment entered against her, (b) it contained a requirement that she must protest it in writing, and Code, Art. 81, Sec. 28, permitted a protest orally as well as in writing, (c) it was signed by one styling herself Clerk of the Appeal Tax Court who was not the Clerk of the County Commissioners or County Council, as required by Code, 1951, Art. 81, Sec. 244, (d) it covered a larger area of land than that owned by her, (e) her house was not substantially complete on the date of finality; and (2) that the decision of the State Tax Commission was invalid because that body failed to obtain and have before it the record of the proceedings before the local taxing authorities as required by Code, 1951, Art. 81, Sec. 253.

We think that a reading of Sections 28 and 251 of Art. 81 of the Code of 1951 (Sections 29 and 255 of the Code of 1957) shows that there is no substance to the first of Mrs. LaBelle's contentions, and that the notice sent her met all necessary legal requisites. Section 28 (a) provides that before any new assessment is made, it is the duty of the assessing authority "to notify the person against whom it is proposed to make * * * such assessment * * * by a written or printed notice, appointing a day for such person to make answer thereto or present such proof as he may desire in the premises." Paragraph (c) of the section provides that such notice may be accompanied by interrogatories pertinent to the assessment, and paragraph (d) provides that: "Any person notified as aforesaid may make answer to such interrogatories, if any, under oath, either orally or in writing, and appear before the body from which such notice emanates either personally or by an attorney or agent on the day so fixed, or on any later date to which the hearing may be adjourned, and

present such proof and arguments as he may desire in the premises \* \* \*", and goes on to say that if no protest is made the assessing authority may make or increase the assessment or change the classification *ex parte* according to their best judgment and information. Sec. 251 provides that any taxpayer may demand a hearing before the local assessing authorities as to the assessment of any property for the next ensuing year and concludes that "No demand for a hearing shall be granted under this section unless filed in the counties before the date of finality for the taxable year in question \* \* \*."

As Judge Henderson said for the Court in *Wasena Housing Corp. v. Levay,* 188 Md. 383, 393, the notice required by the statute to be sent is "simply a means of informing the taxpayer of the proposed action, so that he may have an opportunity to present his side of the case."

We think Sec. 28 permits a notice that suggests, as did the notice sent Mrs. LaBelle, various actions the recipient may take as to the proposed assessment. The taxpayer may seek an explanation of the proposed assessment from the assessors, as did Mrs. LaBelle. They may satisfy him, as they at first apparently satisfied her. If they do not, Sec. 28 (d) says the taxpayer may answer the interrogatories under oath either orally or in writing, "and appear before the body from which such notice emanates \* \* \* on the day so fixed, or on any later date to which the hearing may be adjourned, and present such proof and arguments as he may desire in the premises \* \* \*." The section begins by saying that the notice shall appoint a day for the taxpayer "to make answer thereto *or* present such proof as he may desire in the premises." (Emphasis supplied). The answer of the taxpayer, including the information revealed by any answers given to interrogatories, may induce the taxing authority to take action that will satisfy the taxpayer. The notice clearly informed Mrs. LaBelle that if she made a protest to the Tax Court, it would bring about the setting of a day for a hearing, unless relief satisfactory to her were granted without a hearing. We hold that Mrs. LaBelle, who was put on notice of a proposed assessment against her and of her right to a

hearing if she requested it, need not have been given a hearing or a specified date for a hearing by the sender of the notice unless she demanded it and, further, that under Sections 28 and 251, read together as in *pari materia*, her demand must have been made before the date of finality, as the notice informed her.

We think it clear that Mrs. LaBelle did not request the Appeal Tax Court to give her a hearing until months after the date of finality. It is transparent from her own averments that she availed herself of the suggestion in the notice and received an explanation of the assessment from the assessing officials but that it was not until November of 1955, after she had spent a number of months attempting to have the assessor's office see her point of view that she protested the assessment to the Appeal Tax Court. By that time, the only power the tax court had was to reduce or abate the assessment with the assent of the supervisor of assessments and the county finance officer under the provisions of Sec. 66 of Art. 81. As Judge Henderson pointed out for the Court in *County Commissioners of Anne Arundel County v. Buch,* 190 Md. 394, 402-403, on the strength of *Wasena Housing Corp. v. Levay, supra,* Mrs. LaBelle had two alternatives upon receiving the notice of assessment. She could have appealed within thirty days from the date of finality directly to the State Tax Commission, as provided by Sec. 252 of Art. 81 of the Code of 1951 (Sec. 256 in the Code of 1957), without demanding a hearing from the Tax Court, or she could have asked for a hearing before the date of finality and appealed in due time to the Commission upon the failure or refusal of the Tax Court to modify the assessment. She did neither but allowed the assessment to become final. The potential relief held out by Sec. 66 to a taxpayer whose assessment has become final is a matter of grace and not a matter of right. *Wasena Housing Corp. v. Levay, supra,* at p. 389. If the taxpayer has in due time taken the steps prescribed by the statutes to call upon the local assessing authorities to hear and consider his case, and then duly appealed to the State Tax Commission, or has appealed in time directly to the State Tax Commission from the assessment, he

is entitled to have the body called upon act on his case as a matter of right. If, however, he permits an assessment to become final, he can only hope that the three taxing and fiscal authorities who are named in Sec. 66 of Art. 81 will agree that his cause is just and demands relief. If they do not, the statute gives him no further remedy and the assessment that has been allowed to become final remains on the books for the year in question. The powers of the State Tax Commission are entirely statutory and the statutes confer jurisdiction on it only if an assessment is protested before it has become final.

Mrs. LaBelle's contention that the notice sent her was not valid or effective because it stated that she must appeal to the Appeal Tax Court in writing cannot help her. If we assume, without deciding, that she is right in the contention that an oral protest and demand for a hearing to the Appeal Tax Court would have entitled her to a determination by that body on her challenge to the assessment from which she could have appealed to the State Tax Commission, it is plain, as we have noted, that she made no demand for a hearing before the date of finality, as the statutes required her to make.

The contention that the notice of assessment was of no effect because it was not signed by the Clerk of the County Council must be rejected. Sec. 244 of Art. 81 of the Code of 1951 (Sec. 249 of the Code of 1957) provides that the Clerk of the County Commissioners (in Montgomery County the County Council) shall act as the Clerk of the Appeal Tax Court, but it also directs that the County Commissioners shall provide "such additional clerical assistance for the Appeal Tax Court as may be necessary." We see no reason why a notice from the Appeal Tax Court, signed on its behalf by one of the additional clerks authorized by statute, should not be valid. The notice in this case actually alerted the taxpayer as to what she faced and the need for action as to the proposal, and there can be no doubt that it was a notice duly authorized by the Appeal Tax Court to be sent to Mrs. LaBelle.

The argument that the notice of assessment covered a

larger area than Mrs. LaBelle owned and that the house to be assessed was not substantially completed on the date of finality, raises questions of fact. Sec. 255 of Art. 81 of the Code, 1951 (Sec. 259 of the Code of 1957) provides that an appeal to the Circuit Court from the actions of the State Tax Commission in its appellate jurisdiction shall be "on questions of law only." If the State Tax Commission had had jurisdiction of Mrs. LaBelle's appeal, the Circuit Court for Montgomery County was not empowered by the statute to pass on these two contentions of fact. Since Mrs. LaBelle did not take the necessary steps to prevent the assessment from becoming final, the questions of fact, as well as the questions of law, on which she attempts to rely, are now beyond her power to challenge.

The final contention of the appellant is that the failure of the State Tax Commission to order before it the record of the proceedings before the local assessing authorities, as well as all maps, plans, documents, and other papers connected with the record, as provided by Sec. 253 of Art. 81 of the Code of 1951 (Sec. 257 of the 1957 Code), invalidates the decision. This contention must fall because the State Tax Commission rightly determined that it had no jurisdiction to entertain the appeal and decide the merits, and there would have been no point in requiring the production of the record before a decision that it had power to act as to that record.

The statements just made are dispositive of the motion of the State to dismiss the appeal for lack of a proper record and record extract in this Court. Mrs. LaBelle's appeal raised only legal questions which could be decided from what she placed in the record before us. The motion to dismiss is denied and the order of the Circuit Court appealed from will be affirmed.

*Order affirmed, with costs.*