EASTER *v.* DEPARTMENT OF ASSESSMENTS OF
BALTIMORE CITY

[No. 258, September Term, 1961.]

548

*Decided May 8, 1962.*

*Motion for rehearing filed June 7, 1962, denied June 14, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Andrew J. Easter, pro se,* for the appellant.

*Harrison M. Robertson, Jr., Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for the appellee.

PER CURIAM.

When the Department of Assessments (appellee-assessor) assessed the properties of Andrew J. Easter (appellant-taxpayer) on Belair Road and Cedonia Avenue in Baltimore City for the year 1961, the taxpayer, claiming that the assessments were erroneous or illegal, resorted to the several appellate procedures available to aggrieved taxpayers.

The appeal came to this Court from the Baltimore City Court under the provisions of Code (1957), Art. 81, § 259. The case went to the lower court as six appeals (Nos. 61 through 66) in one transcript from the Maryland Tax Court after that body affirmed the finding of the Board of Municipal and Zoning Appeals to the effect that the assessments made by the assessors were not unreasonable.

The principal contentions of the appellant in the lower court, as well as in the tax court, were that the assessments were excessive and failed to take into account comparable assessments of other property in the neighborhood. Inasmuch as no additional testimony was offered in the lower court by either party, the court, having afforded the contending parties ample opportunity to be heard, decided the case on the record of the proceedings made in the tax court. In so doing, the lower court considered each appeal separately and made a finding in each case. The appeal to this Court challenges the correctness of the findings of fact and conclusions of law of the Baltimore City Court.

With respect to 6427 Cedonia Avenue (Appeal No. 61) and 6431-33 Cedonia Avenue (Appeal No. 62), both of which are unimproved lots assessed at $700 and $1,400, respectively, and as to 6420 Belair Road (Appeal No. 63), which is improved by a tavern and a dwelling assessed at $9,000, the lower court found that these assessments were reasonable in that they were in line with the assessed value of other property in the vicinity. As there was no showing of error in these findings, we must affirm. Maryland Rule 886 a.

The taxpayer protested the assessment of 6422-26 Belair Road (Appeal No. 64), an unimproved parcel of land, assessed on a front foot basis at $5,180, because he believed that

the property, from which he derived no income, should not have been assessed as high as an adjacent income-producing used car lot. But the court, in finding that vacancy in and of itself did not affect the valuation for tax purposes, further found that the income-producing possibility was the controlling factor. Code (1961 Cum. Supp.), Art. 81, § 14 (b) (1), requires that property shall be assessed at "full cash value," and, since the lower court found no reason to require a reduction of the assessment, we cannot, in the absence of an affirmative showing of error, disturb its finding. Rule 886 a. Cf. *Bornstein v. State Tax Commission*, 227 Md. 331, where it was pointed out that the relative weight to be accorded to any relevant factor in a particular case is for the assessing authorities and not for the courts.

As to 6608 Belair Road (Appeal No. 65), improved by a building constructed as and for a restaurant but now used as a boat shop, the taxpayer did not contest the assessment of the building at $13,300 (formerly assessed at $19,300), but claims that the value of the land was increased to $19,440 to offset the decrease in the value of the improvements and that such action was arbitrary and unfair. The lower court, however, though agreeing that an assessment based on that premise would have been unlawful, nevertheless found that the appellant had not been discriminated against for the reason that the tax survey plat indicated the assessment was comparable to others in that block of Belair Road. It appears the court was not in error in so finding.

Lastly, with respect to a large irregular parcel of land designated as 6642 Belair Road, but embracing several other parcels (Appeal No. 66), the assessment of the buildings at $1700 was not seriously contested. It is therefore the assessment of the land at $42,600 that is in dispute. And it is through this parcel that the taxpayer claims a "paper" street (referred to by him as Easter Avenue) is supposed to run. But the court, in the absence of sufficient evidence to show that the city had accepted any part of the parcel as and for a street, was not in error in finding that the whole parcel was properly assessed to the appellant. The further contention that the assessor should have assessed the whole parcel on an acreage basis instead of

valuing the front of it (and certain back portions) on a front foot basis was likewise without substance inasmuch as the court found that the assessment of the area fronting on Belair Road on a different (and a higher) basis from the remainder of the area was reasonable under the circumstances, and, since there was no showing to the contrary, we must affirm the finding.

Finally, the appellant contends that the assessor has no right to revalue the land each year, but he is in error, for the law is to the contrary. See Code (1961 Cum. Supp.), Art. 81, § 232 (8). And, since each annual assessment of property for tax purposes is distinct and presents its own problems, *State Tax Comm. v. Brandt Cabinet Works,* 202 Md. 533, there is no reason to compare prior assessments of the appellant's property with the current assessments.

The order of the lower court affirming the orders of the tax court will be affirmed.

*Order affirmed; appellant to pay the costs.*