MONTGOMERY COUNTY COUNCIL ET AL. *v.*
SUPERVISOR OF ASSESSMENTS OF
MONTGOMERY COUNTY ET AL.

[No. 210, September Term, 1974.]

*Decided June 26, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, ELDRIDGE and O'DONNELL, JJ.

*H. Christopher Malone, Assistant County Attorney*, with whom were *Richard S. McKernon, County Attorney*, and *Robert G. Tobin, Jr., Deputy County Attorney*, on the brief, for appellants.

*Ward B. Coe, III, Assistant Attorney General*, with whom was *Francis B. Burch, Attorney General*, on the brief, for Supervisor of Assessments of Montgomery County, one of appellees. *Ralph R. Roach* for D. B. Rein et al., other appellees.

ELDRIDGE, J., delivered the opinion of the Court.

We are presented with the question of the Maryland Tax Court's jurisdiction over appeals by a county from decisions to decrease assessments after the date of finality under Maryland Code (1957, 1975 Repl. Vol.), Art. 81, § 67.

The owners of the nineteen separate parcels of land in Montgomery County which are involved in this case had their land reassessed in 1971 for the 1972 tax year. After the time to protest the assessments had expired, and the assessments had become final under Code (1957, 1975 Repl. Vol.), Art. 81, § 255, a moratorium was imposed in parts of Montgomery County prohibiting further sewer connections.

Alleging that the sewer moratorium decreased the value of their land, the nineteen property owners sought relief under § 37 of Art. 81, which provides in relevant part:

". . . The final assessing authority, the supervisor of assessments and the county treasurer (in Montgomery County the director of finance) of each county and in Baltimore City, the city solicitor, and the director of the department of assessments, . . . may by an order, decrease or abate an assessment after the date of finality for any year, whether a protest against said assessment was filed before the date of finality or not, in order to correct erroneous and improper assessments and to prevent injustice,

provided, that the reasons for such decrease or abatement shall be clearly set forth in such order."

In all nineteen cases, the Appeal Tax Court, the Supervisor of Assessments of Montgomery County and the Director of Finance of Montgomery County, signed orders pursuant to § 67, reducing each of the assessments by 25% because of the sewer moratorium.

In twelve of the nineteen cases, "James P. Gleason, County Executive and Montgomery County Council" filed Petitions of Appeal to the Maryland Tax Court. In seven of the nineteen cases, "Montgomery County Council" alone filed Petitions of Appeal to the Tax Court. In none of the cases were either the County Executive or the County Council parties to the § 67 proceedings before the Appeal Tax Court, the Supervisor of Assessments and the Director of Finance.

Thereafter, the Supervisor of Assessments filed in the Tax Court motions to dismiss and motions to consolidate the cases for purpose of hearing the motions to dismiss. The Supervisor argued that the Tax Court lacked jurisdiction to hear an appeal from an assessment entered in accordance with Art. 81, § 67. Several of the taxpayers also filed motions to dismiss on the ground that neither the County Executive nor the County Council had standing to prosecute the appeals.

The Tax Court, after consolidating the cases and after a hearing, granted the motions to dismiss on the ground that it had no jurisdiction to entertain appeals from actions taken pursuant to Art. 81, § 67. The County Executive and the County Council thereupon took appeals to this Court.

In addition to their argument that the Tax Court correctly held that it had no jurisdiction to review Art. 81, § 67, determinations, the appellees also reiterate the contention made below that the appellants had no standing to appeal to the Tax Court. Two grounds for the asserted lack of standing are put forth:

*First*, appellees point to our recent decision in *County Council for Montgomery County v. Supervisor of Assess-*

*ments*, 274 Md. 116, 123, 332 A. 2d 897, 901 (1975), holding that "it is the corporate entity of Montgomery County, Maryland, so known in its charter, which is vested with the right of appeal under Art. 81, § 256 (a) in lieu of the prior corporate entity, the County Commissioners of Montgomery County," and that "[s]ince the County Council is not the corporate entity, an appeal may not be maintained in its name." They argue that, just as the County Council alone is not the corporate entity, the combination of the County Executive and the County Council do not constitute "Montgomery County, Maryland." The appellants, while conceding the absence of a proper party in the seven cases where the County Council alone took appeals, argue that the "County Executive constitutes the corporate entity of Montgomery County, and that is sufficient to maintain an appeal."

*Second*, several of the appellees argue that the appellants lacked standing to appeal to the Tax Court because neither the County Executive nor the County Council were parties to the Art. 81, § 67, administrative proceedings. Reliance is placed upon this Court's decisions in *Bryniarski v. Montgomery County*, 247 Md. 137, 230 A. 2d 289 (1967) and *DuBay v. Crane*, 240 Md. 180, 213 A. 2d 487 (1965). See also our recent decision in *Montgomery County, Maryland v. One North Park Associates*, 275 Md. 193, 338 A. 2d 892 (1975).

We believe that the Tax Court was correct in holding that it had no jurisdiction to hear appeals from the determinations pursuant to Art. 81, § 67. Consequently, we need not, and do not, decide either of the two standing questions raised by the appellees.

The Tax Court considered this Court's decision in *LaBelle v. State Tax Comm.*, 217 Md. 443, 142 A. 2d 560, *cert. denied*, 358 U. S. 889, 79 S. Ct. 135, 3 L.Ed.2d 117 (1958), to be dispositive of the jurisdictional issue, and we agree. In *LaBelle*, a Montgomery County property owner did not protest the assessment on her dwelling before the date of finality. About seven months later, she protested the assessment, and the Appeal Tax Court for Montgomery

County heard her protest under the provisions of Art. 81, § 67.[1] After the hearing, the Appeal Tax Court proposed a reduction in Mrs. LaBelle's assessment, but the Director of Finance of Montgomery County and the Supervisor of Assessments refused to agree. Consequently, the assessment entered as of the date of finality remained. Mrs. LaBelle took an appeal to the State Tax Commission, the predecessor of the Maryland Tax Court, and the Commission held that it had no jurisdiction. The Circuit Court for Montgomery County affirmed, and the affirmance was upheld by this Court.

In holding that "the State Tax Commission rightly determined that it had no jurisdiction to entertain the appeal and decide the merits" (217 Md. at 453), this Court in *LaBelle*, in an opinion by Judge Hammond, explained both the nature of § 67 proceedings, as well as the State Tax Commission's jurisdiction, as follows (*id.* at 451-452):

> "The potential relief held out by § 66 to a taxpayer whose assessment has become final is a matter of grace and not a matter of right. . . . If the taxpayer has in due time taken the steps prescribed by the statutes to call upon the local assessing authorities to hear and consider his case, and then duly appealed to the State Tax Commission, or has appealed in time directly to the State Tax Commission from the assessment, he is entitled to have the body called upon act on his case as a matter of right. If, however, he permits an assessment to become final, he can only hope that the three taxing and fiscal authorities who are named in § 66 [67] of Art. 81 will agree that his cause is just and demands relief. If they do not, the statute gives him no further remedy and the assessment that has been allowed to become final remains on the books for the year in question. *The powers of the State Tax Commission are entirely statutory and the*

---

1. Sec. 67 was then codified as Art. 81, § 66, of the 1951 Code.

*statutes confer jurisdiction on it only if an assess-*
*ment is protested before it has become final."*
(Emphasis supplied.)

The appellants argue that *LaBelle* is inapplicable
to the subject case because *LaBelle* involved an
attempted appeal by a property owner who had no
"right" to § 67 relief but was only entitled to relief
as a matter of "grace" if the three fiscal au-
thorities agreed that her cause was just. Appel-
lants contend that they are in an entirely dif-
ferent position, for they are not seeking relief as
a matter of grace but, "as elected representatives
of the people," are attempting to prevent an
"unwarranted reduction of assessments." How-
ever, this Court's decision in *LaBelle* was based
upon the "jurisdiction" of the State Tax Commis-
sion [now the Maryland Tax Court] over § 67
proceedings and not upon the standing of particu-
lar parties depending upon the nature of their
interest in the § 67 proceeding. While the Court
explained that the purpose of a § 67 proceeding
was to grant or deny relief to the taxpayer as
a matter of "grace" instead of as a matter of
right, nothing in the Court's opinion indicated
that the State Tax Commission's power to review
§ 67 determinations depended upon whether the tax-
payer had won or lost in the § 67 proceedings.
Instead, the Court held that the statutes confer
"jurisdiction on it [the State Tax Commission]
only if an assessment is protested before it has
become final."

The Court's opinion in *LaBelle* referred to Art.
81, § 256, as authorizing appeals to the State Tax
Commission when the taxpayer had taken some
action before the date of finality (*id.* at 451).
Neither § 67 nor § 256 have been significantly
amended since the *LaBelle* case. Sec. 256 (a)
provides (emphasis supplied):

"Any taxpayer, any city, or the Attorney General or Department on behalf of the State, or a supervisor of assessments as provided in § 234 of this article, or the county commissioners of any county where an appeal tax court has been fully created claiming to be aggrieved because of any assessment or classification, or because of any increase, reduction, abatement, modification, change or alteration or failure or refusal to increase, reduce, abate, modify or change any assessment, or because of any classification or change in classification, or refusal or failure to make a change, *by any final assessing authority under § 255 of this article, may by petition appeal* to the Maryland Tax Court therefrom as provided in § 229 in this article, and said Court shall hear and determine all such appeals within sixty days from the entry thereof. Such appeal shall be taken either (a) within thirty days after the date of the action or failure or refusal to act complained of, or (b) if an address shall have been filed with the final assessing authority appealed from by any person or corporation *demanding a hearing as in § 255 provided,* then by the person giving such address within thirty days from the date of mailing of the notice of the action by the final assessing authority to the person and address so given or (c) if the appellant is . a supervisor of assessments, such appeal shall be taken within thirty days from the date the final assessing authority sends notice of its action, in writing, by mail or otherwise, to the supervisor of assessments. No appeal on behalf of a taxpayer shall be allowed under this section from a failure or refusal to abate, reduce, or reclassify an existing assessment unless application in writing for such action shall have been filed by the appellant with the final assessing authority appealed from within the time limited for the filing of a demand for a hearing *by § 255 of this article.*"

While the Legislature in 1959 substituted "Maryland Tax Court" for "State Tax Commission" and made some other minor wording changes in § 256 (a), see Acts of 1959, Ch. 757, the section has in all relevant aspects remained unchanged since 1958. Under § 256, appeals to the Tax Court with regard to property tax assessments, like appeals to the former State Tax Commission, are from actions by the final assessing authority *"under § 255"* of Art. 81. Sec. 255 sets forth the administrative appeal process where a taxpayer has protested or demanded a hearing in a timely manner. Sec. 256, the statute delineating the basic jurisdiction of the Tax Court, makes no mention of § 67 proceedings on applications by taxpayers after the date of finality for discretionary relief. And § 67 makes no mention of appeals to the Tax Court from the grant or denial of relief under that section.

The appellants also argue that *LaBelle* does not control this case because of the provisions of Code (1957, 1971 Repl. Vol.), Art. 41, § 318, enacted one year after the *LaBelle* decision. Sec. 318 of Art. 41 provides:

"The Maryland Tax Court and State Department of Assessments and Taxation, constituted and organized as provided by law, shall be a separate department of the State government, and consist of the following subdivisions, which shall be independent of each other:

(1) *Maryland Tax Court.* — On and after July 1, 1959, the Maryland Tax Court shall have jurisdiction to hear appeals from the decision, determination, or order *of any final assessing or taxing authority* of the State, or of any agency, department, or political subdivision thereof, with respect to the valuation, assessment, or classification of property, or the levy of a tax, or with respect to the application for an abatement or reduction of any assessment, or tax, or exemption therefrom.

(2) *State Department of Assessments and*

*Taxation.* — From and after July 1, 1959, all the administrative, but not the quasi-judicial, rights, powers, duties, obligations and functions heretofore conferred upon or exercised by the State Tax Commission shall be transferred to and thereafter be exercised and performed by the State Department of Assessments and Taxation, which shall also have, exercise and perform such other rights, powers, duties, obligations and functions as may now or hereafter be conferred by law. Upon request the State Department of Assessments and Taxation shall perform administrative duties for the Maryland Tax Court." (Emphasis supplied.)

Appellants maintain that Art. 41, § 318, gives the Tax Court a broader jurisdiction over appeals in property tax assessment cases than the jurisdiction set forth in Art. 81, § 256, and that under the language of Art. 41, § 318, the Tax Court would be authorized to hear appeals from Art. 81, § 67, determinations.

We do not believe that the Legislature intended, by the provisions of Art. 41, § 318, to expand the jurisdiction of the Tax Court beyond that described in the various provisions of Art. 81, the tax article of the code. Sec. 318 was enacted by Ch. 757 of the Acts of 1959. The principal purpose of Ch. 757 was to separate the "quasi-judicial" functions of the State Tax Commission from its "administrative" functions. The State Tax Commission was abolished; two separate agencies were created in its place, the Tax Court and the Department of Assessments and Taxation; the State Tax Commission's "quasi-judicial" functions were vested in the new Tax Court; and the Commission's "administrative" functions were vested in the Department of Assessments and Taxation. It would seem that the purpose of § 318, which was enacted as a new section in Art. 41 of the Code, the article which primarily deals with the broad organizational structure of the Executive Branch of the State Government, was to describe the new organization and to transfer functions to the new agencies, but not to expand or diminish the specific

powers in the field of taxation which had been vested in the State Tax Commission.

The language in § 318 referring to the jurisdiction of the Tax Court was, we believe, descriptive only, setting forth the "quasi-judicial" functions that had previously been exercised by the State Tax Commission. This is confirmed by the provisions of Art. 81, § 224, also enacted into law by the same Ch. 757 of the Acts of 1959, which delineates in more detail the organization *and powers* of the new Tax Court, and which states in part:

> "An administrative body designated as the Maryland Tax Court is hereby created with the powers and duties *in this article specified.* * * * *"
> (Emphasis supplied.)

Thus, § 224 of Art. 81, enacted as part of the same statute as § 318 of Art. 41, provided that the powers of the Tax Court were those specified in Art. 81, the tax article.

Finally, even if Art. 41, § 318, could be viewed as a grant of appellate jurisdiction to the Tax Court independent of the provisions of Art. 81, the result would not be different. The jurisdiction of the Tax Court referred to in § 318 is over appeals from the determination "of any final assessing or taxing authority...." The determination of the final assessing or taxing authority at the time the subject cases arose was the determination of the Appeal Tax Court for Montgomery County, and not the joint discretionary action of the three entities provided for in Art. 81, § 67.

Since the Tax Court correctly held that it had no jurisdiction over appeals in Art. 81, § 67, proceedings, its order in the present cases must be affirmed.

*Order affirmed.*
*Appellants to pay costs.*