HARRY S. SHIPP, JR. *v.* SAMUEL S. BEVARD

[No. 66, September Term, 1980.]

*Decided October 26, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Kaye T. Brooks, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellant.

*Kenneth E. Pruden* for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The plaintiff in this real property tax assessment case is seeking reversal of an administrative decision under Maryland Code (1957, 1980 Repl. Vol.), Art. 81, § 67 (a). Three previous cases in this Court have rejected attempts to overturn § 67 (a) determinations. *State Dep't Of A. & Tax. v. Clark,* 281 Md. 385, 380 A.2d 28 (1977); *Mont. Co. Council v. Supervisor,* 275 Md. 339, 340 A.2d 302 (1975); *La Belle v. State Tax Comm.,* 217 Md. 443, 142 A.2d 560, *cert. denied,* 358 U.S. 889, 79 S.Ct. 135, 3 L.Ed.2d 117 (1958). The plaintiff's effort in the present case will similarly be unsuccessful.

Before turning to the facts of the case, we shall briefly review the relevant statutory background. Under Art. 81, §§ 2 (20), 29A (a) and 29A (c), the taxable year begins on

July 1st in each year, and the assessment for the taxable year becomes final on the "date of finality" which is the previous January 1st. Notice of the assessment is ordinarily to be provided more than thirty days before the date of finality, and the taxpayer is given a specified period of time after receiving the notice to protest the assessment, Art. 81, § 29. If the taxpayer makes a timely protest, he is entitled to a hearing before the supervisor of assessments for the county, and he may appeal the supervisor's decision to the property tax assessment appeal board for the county, with the right to a hearing before the appeal board, Art. 81, § 255. The taxpayer then has thirty days after the board's decision to appeal to the Maryland Tax Court, Art. 81, § 255 (d) and 256. The Tax Court proceedings "shall be de novo and shall be conducted in a manner similar to proceedings in courts of equity . . . ," Art. 81, § 229 (c). The taxpayer is entitled to judicial review of the Tax Court's decision in the circuit court, with a right to appeal the circuit court's decision to the Court of Special Appeals, Art. 81, § 229 (l) and (p).[1]

Consequently, the Legislature has afforded a taxpayer, as a matter of right, a comprehensive administrative remedy, with judicial review, to challenge his real estate assessment. Like most administrative remedies, there is a requirement that the taxpayer comply with reasonable time limits, beginning with a timely protest of the assessment.

In addition to the above-described administrative and judicial remedy, the Legislature has authorized certain officials to decrease an assessment in order to correct an erroneous or improper assessment and to prevent injustice, regardless of whether the taxpayer had made a timely protest of his assessment. In what is now codified as part of Art. 81, § 67 (a), the Legislature provided:

> "The supervisor of assessments and the county trea-
> surer (in Montgomery County the director of

---

1. Despite its name, the Maryland Tax Court is not a judicial body but is a statewide administrative agency. Shell Oil Co. v. Supervisor, 276 Md. 36, 38-47, 343 A.2d 521 (1975).

finance) of each county and in Baltimore City, the city solicitor and the supervisor of assessments, and in any incorporated town in Caroline County, the town boards, may by an order, decrease or abate an assessment after the date of finality for any year, whether a protest against said assessment was filed before the date of finality or not, in order to correct erroneous and improper assessments and to prevent injustice, provided, that the reasons for such decrease or abatement shall be clearly set forth in such order."

The issue in the present case concerns the extent to which a court may review administrative decisions under the above-quoted statutory provision.

The facts of this case are as follows: The plaintiff taxpayer owns a parcel of land in Prince George's County, containing approximately 25½ acres, upon which is operated a wash plant and a sand and gravel business. The assessment on this property was increased for the taxable year 1971; the taxpayer filed a timely protest of this assessment; he exhausted his administrative remedy; and he sought judicial review in the Circuit Court for Prince George's County. The circuit court decision concerning the 1971 assessment, which ordered a reduction in the assessment, was rendered on August 5, 1976. As there had been no change in the assessment for the taxable years 1972, 1973 and 1974, and no notice of assessment for those years, Art. 81, § 214A, required that the reduction ordered by the circuit court be carried over to 1972, 1973 and 1974.[2]

---

2. Art. 81, § 214A, provides as follows:

"Whenever any person shall have appealed from, or petitioned for the reduction of, any assessment, locally determined, for ordinary taxes, a final determination of such appeal or petition providing for a reduction in said assessment shall apply, ipso facto, to any assessment for ordinary taxes locally imposed, at the same valuation as that appealed or petitioned to be reduced, on the same property, made for any tax year which is subsequent to the tax year of the assessment so appealed or petitioned to be reduced, for which the date of finality precedes the date of said final determination and for which no notice as to assessments has been sent under § 29 (a) of this article."

While the proceedings regarding the 1971 assessment were pending, the property was reassessed for 1975 and 1976, with the assessment again being increased. The taxpayer received notices of the assessments for 1975 and 1976 but failed to file protests. In fact, the taxpayer did nothing regarding the 1975 and 1976 assessments until August 4, 1977, when he filed an application under Art. 81, § 67 (a), contending that the 1975 and 1976 assessments were erroneous in light of the circuit court's decision with respect to the 1971 assessment. The § 67 (a) application was denied on September 2, 1977.

The taxpayer on December 19, 1977, instituted the present action by filing a "petition for affirmative injunction" in the Circuit Court for Prince George's County against the Supervisor of Assessments of Prince George's County and the County Treasurer of Prince George's County, who were the two officials authorized to grant relief under Art. 81, § 67 (a). The taxpayer requested a mandatory injunction requiring a reduction in the assessments for 1975 and 1976. It was alleged that the assessments for these two years were "illegal" because they were "based upon use of the property instead of cash value as provided by statute." It was further alleged that there had been "no material change in the value of the subject property between the years 1971 and 1976" and that, therefore, the assessments were "illegal" in light of the August 5, 1976, circuit court decision ordering a reduction in the 1971 assessment. The taxpayer asserted that the position of the Supervisor of Assessments was "arbitrary, illegal, capricious, discriminatory and unreasonable" because of the adjudication that the 1971 assessment was illegal. There were no additional assertions or factual allegations explaining or supporting the contentions that the 1975 and 1976 assessments were arbitrary, illegal, capricious, discriminatory and unreasonable.

The defendants filed a motion raising preliminary objection on the ground that the circuit court had no authority to review the § 67 (a) administrative decision. The circuit court rendered an opinion and order granting the motion and dismissing the action, citing *La Belle v. State Tax Comm.,*

*supra,* and *State Dep't. of A. & Tax. v. Clark, supra.*
Thereafter, the taxpayer filed a motion for reconsideration,
asserting that the assessments for 1975 and 1976 were "void
and constitutionally infirm" and that, therefore, the case
was distinguishable from those decisions on which the court
relied. The circuit court granted the motion for
reconsideration and reinstated the action, stating that judi-
cial review would be "narrowly restricted to whether the
determination of the assessing authorities met
constitutional standards." Subsequently, the circuit court
denied the defendants' demurrer to the petition for injunc-
tion. The defendants then answered and filed a motion for
summary judgment, attaching an affidavit of the Supervisor
of Assessments for Prince George's County in which the
Supervisor set forth the basis upon which he exercised his
discretion in determining whether to grant relief under § 67
(a) and in which he gave the reason for denying relief to the
plaintiff.[3] In opposing the motion for summary judgment,
the taxpayer asserted that nothing in the Supervisor's affi-
davit contradicted the taxpayer's allegation that the *original*
assessments for 1975 and 1976 were "illegal."

The circuit court granted the defendants' motion for
summary judgment, holding that the pleadings and affida-
vits disclosed no material issues of fact in dispute and dem-
onstrated that the defendants were entitled to judgment.
The taxpayer appealed to the Court of Special Appeals, and
that court reversed in an unreported opinion. The
intermediate appellate court concluded that summary judg-
ment was improper because the taxpayer had made "a
rather general allegation of discrimination" and the "affida-
vit of the Supervisor was merely conclusory and did not show

---

**3.** After setting forth circumstances under which § 67 (a) relief is
granted, the Supervisor stated that, as to all applications, § 67 (a) "relief is
denied if the basis for the request is a difference in opinion or judgment as
to the value of the property or as to the appropriate method of valuation."
The Supervisor went on to state that when he considered the plaintiff's
August 4, 1977, application, he determined that the basis for the claim "was
a difference in opinion as to the value of the property." He further stated
that in denying this application, he "applied the considerations testified to
above and treated Petitioner no differently than any other applicant for
Section 67 relief."

facts in detail and with precision which would entitle the Supervisor to summary judgment."

This Court then granted the defendants' petition for writ of certiorari, in which it was contended that the Court of Special Appeals' decision represented an erroneous application for our opinions dealing with Art. 81, § 67 (a).

Art. 81, § 67 (a), was first considered by this Court in *La Belle v. State Tax Comm., supra,* 217 Md. 443. The taxpayer in that case failed to make a timely protest of the assessment on her dwelling in Montgomery County. About seven months after the date of finality, she applied for a reduction under § 67 (a), which was then codified as Art. 81, § 66. Relief under the statute was denied because the Director of Finance of Montgomery County and the Supervisor of Assessments could not agree. The taxpayer then appealed to the State Tax Commission, the predecessor of the Maryland Tax Court, and the Commission held that it had no authority to review determinations under what is now § 67 (a). The circuit court affirmed the Commission's decision, and this Court upheld the affirmance. Judge Hammond for the Court pointed out that the consideration by the taxing and fiscal authorities under § 67 (a) was "a matter of grace," and that if those authorities did not grant relief, "the statute gives [the taxpayer] no further remedy and the assessment that has been allowed to become final remains on the books for the year in question." 217 Md. at 451-452.

The issue concerning review of § 67 (a) determinations next came before this Court in *Mont. Co. Council v. Supervisor, supra,* 275 Md. 339. In that case, several owners of nineteen separate parcels of land in Montgomery County failed to file timely protests of the assessments, and the assessments became final. After the date of finality, a moratorium was imposed prohibiting further sewer connections. Alleging that the moratorium decreased the value of their land, the taxpayers sought and obtained relief under § 67 (a), with each of the assessments being reduced by twenty-five percent because of the sewer moratorium. Montgomery County then sought review in the Maryland

Tax Court, claiming that the assessments should not have been reduced, but the Tax Court dismissed the appeals for lack of jurisdiction. On appeal to this Court, Montgomery County attempted to distinguish the *La Belle* case on two grounds. First, it was contended that the result should be different where the county, instead of the taxpayer, was seeking review of the § 67 (a) determination, 275 Md. at 344. Second, it was argued that the Tax Court had a broader jurisdiction over appeals in property tax assessment cases than its predecessor agency, the State Tax Commission, *id.* at 347. We rejected both arguments, re-affirmed the continuing applicability of the *La Belle* case, and held that the Tax Court had no authority to review § 67 (a) decisions, *id.* at 344-348.

The most recent case to consider the reviewability of § 67 (a) decisions, and the case upon which the present plaintiff relies, is *State Dep't of A. & Tax. v. Clark, supra,* 281 Md. 385. In *Clark,* the taxpayers failed to protest the re-assessment of their land for the taxable year 1972, and the assessment became final on January 1, 1972. In May 1972, a moratorium on further sewer extensions and sewer connections in the area was imposed, and the taxpayers thereafter applied under the § 67 (a) for a reduction in the assessment in light of the moratorium. The taxpayers' assessment for 1972 was reduced by twenty-five percent, in accordance with the policy of the officials exercising authority under § 67 (a) to abate the assessments on all properties affected by the sewer moratorium by twenty-five percent. The taxpayers, believing that they were entitled to a greater reduction, filed an action in the circuit court against the taxing and fiscal officials authorized to act under § 67 (a). They sought an injunction against the collection of taxes levied on their property and a declaration that § 67 (a), as applied to them, violated their right to equal protection of the laws as well as other constitutional guarantees. Upon cross-motions for summary judgment, the circuit court held that it had "inherent" power to correct arbitrary, illegal, capricious or unreasonable administrative acts, that, therefore, the court had authority to review the § 67 (a)

administrative decision, and that the administrative decision in the case before it was arbitrary. The Court of Special Appeals in *Clark* agreed that the circuit court had "inherent" jurisdiction to review the § 67 (a) administrative decision, but it concluded that the circuit court had erred in holding that the decision was arbitrary. The Court of Special Appeals remanded the case to the circuit court for consideration of the taxpayers' constitutional claims. This Court, disagreeing with both the Court of Special Appeals and the circuit court, held that the motion by the defendant officials for summary judgment should have been granted.

In the *Clark* opinion, written by Judge Orth for the Court, we reviewed the *La Belle* and *Mont. Co. Council* cases, reiterated that the potential relief under § 67 (a) was a "matter of grace" and that the joint action of officials under § 67 (a) "is entirely discretionary," pointed out that neither the tax article of the Code (Art. 81) nor the Administrative Procedure Act [4] authorized judicial review of § 67 (a) proceedings, and concluded "that there is no statutory authority giving a circuit court jurisdiction, by way of declaratory judgment or otherwise, over the propriety of a grant or denial of a reduction in a real property assessment under § 67." *State Dep't of A. & Tax. v. Clark, supra,* 281 Md. at 394-396.

The taxpayers' intitial argument in *Clark,* accepted by both the circuit court and the Court of Special Appeals, was that courts have an "inherent" right to review administrative decisions for arbitrariness, capriciousness or illegality. Reliance was placed upon cases such as *Balto. Import Car v. Md. Port Auth.,* 258 Md. 335, 342, 265 A.2d 866 (1970); *Insurance Comm'r v. Nat'l Bureau,* 248 Md. 292, 300, 236 A.2d 282 (1967); *Heaps v. Cobb,* 185 Md. 372, 42 A.2d 73 (1945); *Hecht v. Crook,* 184 Md. 271, 40 A.2d 673 (1945). We pointed out that the applicability of this principle was limited to the situation where there was no statutory right of judicial review, and that where an administrative and

---

4. Code (1957, 1978 Repl. Vol), Art. 41, §§ 244-256A.

judicial review remedy is provided by statute, that remedy is ordinarily deemed to be exclusive. 281 Md. at 400-401. Because a statutory administrative and judicial review remedy was provided to contest each year's assessment, as long as a timely protest was filed, we held that there was no "inherent" authority in a court to review for arbitrariness the "purely discretionary" administrative decision under § 67 (a). *Id.* at 402-403.

We then pointed out in *Clark* that when there is an attack upon the constitutionality or validity of an enactment on its face, such case falls within a well-established exception to the principle that statutory administrative and judicial review remedies are normally deemed exclusive and must be pursued and exhausted. However, we further pointed out that when the attack is upon the constitutionality of an enactment *as applied* to a particular situation, as contrasted with an attack upon the validity of an enactment as a whole, the case does not come within the exception and the statutory administrative and judicial review remedies are ordinarily exclusive. We noted that the taxpayers' attack went only to the constitutionality of § 67 (a) as applied and not to its constitutionality on its face. 281 Md. at 403-404.

Nevertheless, the Court in *Clark* went on to recognize that the case presented an unusual situation. As the taxpayers in *Clark* had no complaint concerning the 1972 assessment as of the date of finality, and as they were satisfied with the increased assessment as of January 1, 1972, they had no reason to file a timely protest of the assessment and pursue the usual statutory administrative and judicial review remedies set forth in Art. 81, §§ 29, 229, 255 and 256. They were not then aggrieved and, therefore, had no right to seek review in the Maryland Tax Court and then the circuit court.[5] The basis for the taxpayers' complaint was the sewer moratorium occurring many months after the date of finality; the only remedy available at that time, with regard

---

5. Art. 81, § 256 (a), limits the right to seek review in the Tax Court to one "claiming to be *aggrieved* because of any assessment . . ." (emphasis added).

to the 1972 assessment, was provided by § 67 (a); and the taxpayers did pursue and exhaust the § 67 (a) remedy. Under those circumstances, we held that the court did have authority to determine whether § 67 (a) was constitutionally applied, and could overturn the administrative action if § 67 (a) had been applied in an invidiously discriminatory manner. Thus, Judge Orth stated for the Court in *Clark* (281 Md. at 404-405):

> "In such circumstances, we believe it is imperative that the inherent power of a court be not limited to ascertaining whether § 67 is constitutional on its face, but may be properly invoked to determine whether it is constitutional as applied. For example, were it otherwise an aggrieved party would be completely without recourse as to a determination by the . . . [§ 67(a)] assessing authorities which was invidiously discriminatory."

After holding that a court could review § 67 (a) decisions, limited to determining whether § 67 (a) was constitutional on its face or as applied, the Court in *Clark* went on to consider the taxpayers' allegations and the undisputed facts. We pointed out that merely because the taxpayers were treated differently than others who may have timely protested their assessments before the date of finality, did not amount to an invidious discrimination in the application of § 67 (a), stating (281 Md. at 409-410):

> "Considering the facts before the trial court, and the proper inferences to be drawn therefrom, in the light most favorable to appellees, . . . we see no invidious discrimination. There was no intentional and systematic undervaluation by assessors of other taxable property in the same class. All those who sought the extraordinary relief after the date of finality, which may be granted as a matter of grace under § 67, were granted a decrease of 25%. It is clear that this did not amount to an intentional violation of the essential principle of practical uniformity. That some in another class, that is,

> those who pursued the protest procedures to which they were entitled as of right before the date of finality, may have received a larger abatement, did not make the tax on appellees' property invalid. We hold that there was no denial of equal protection of the laws."

The Court, concluding that there had been no showing that § 67 (a) had been unconstitutionally applied, held that the defendants' motion for summary judgment should have been granted.

In light of the *Clark* opinion, it is readily apparent that the defendants in the instant case, like the defendants in *Clark,* were entitled to judgment as a matter of law. We shall assume arguendo that if the taxpayer's allegations had been sufficient to set forth a cause of action under *Clark,* then the Court of Special Appeals' holding concerning the alleged insufficiency in the Supervisor's affidavit would have been correct. Nevertheless, whether or not summary judgment should be granted is not dependent upon affidavits alone. The pleadings must also be considered. As Maryland Rule 610 d1. specifies, "[t]he judgment sought shall be rendered forthwith if the *pleadings,* depositions and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." (Emphasis added.) The taxpayer's petition for injunction, and his opposition to the defendants' motion for summary judgment, disclosed the nature of the taxpayer's complaint and demonstrated that the defendants were entitled to judgment.

The taxpayer's petition for injunction did not even make a conclusory allegation of unconstitutionality. Although the petition did contain the statements that the 1975 and 1976 assessments were "arbitrary, illegal [and] capricious," under *Clark* this is not a basis for judicial review of § 67 (a) determinations. And while it was asserted that the assessments were "discriminatory," it is clear that not every "discrimination" amounts to a denial of equal protection of the laws. Instead, as indicated in our *Clark* opinion, only "invidious" discrimination or discrimination without any rational basis is constitutionally infirm.

Moreover, even if the conclusory allegations of the petition for injunction were construed to be assertions of unconstitutionality, the facts alleged failed to show a prima facie case of unconstitutional administrative action. The sole factual basis for the taxpayer's petition was the 1976 circuit court order requiring a reduction in the 1971 assessment, and the assertion that there had been no change in the value of the property between 1971 and 1976. These allegations, however, are insufficient to show mere illegality in the 1975 and 1976 assessments, and clearly they fail to show a violation of constitutional requirements. Under Art. 81, § 214A, the circuit court's decision concerning the 1971 assessment did not carry over to 1975 and 1976. Furthermore, it is settled that " 'each annual assessment of property for tax purposes is distinct and presents its own problems.' " *State Dep't of A. & Tax. v. Clark, supra,* 281 Md. at 403, quoting *Easter v. Department,* 228 Md. 547, 551, 180 A.2d 700 (1962), *appeal dismissed* and *cert. denied,* 371 U.S. 235, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963).

Apart from the failure of the plaintiff taxpayer to allege unconstitutional administrative action, there is a more fundamental reason why the principles of the *Clark* case required judgment for the defendants. As previously discussed, in *Clark* the taxpayers had no complaint concerning their 1972 assessment as of the date of finality; they were not then aggrieved; and, therefore, they had no occasion or right to pursue the normal administrative and judicial review remedy provided in Art. 81, §§ 29, 229, 255 and 256. It was the sewer moratorium occurring several months after the date of finality which furnished the basis for their complaint, and the *only* remedy then available was that provided by § 67 (a). It was for this reason that the Court recognized a limited exception to the principle against reviewability of § 67 (a) decisions, permitting review to determine "whether § 67 is constitutional on its face . . . [or] as applied." 281 Md. at 404-405. We did *not* hold that the constitutional validity of the earlier administrative action, in making the assessment prior to the date of finality, could be reviewed in the court proceeding. Instead, the review

recognized in *Clark* concerned the alleged unconstitutional application of § 67 (a).

In the present case, however, the taxpayer's complaint related to the original notices of assessments for the years 1975 and 1976 and not to any asserted illegality in applying § 67 (a).[6] There were no allegations of events after the date of finality, like the sewer moratorium in *Clark,* which changed the value of the property during the two taxable years in question. Unlike the taxpayer in *Clark,* the plaintiff here was aggrieved as of the dates of finality, could have filed timely protests, and could have pursued the normal administrative and judicial review remedy. Under these circumstances, the case does not come within the *Clark* holding that judicial review of § 67 (a) decisions is available to determine whether the discretion under *that section* was being exercised in an "invidiously discriminatory" manner. Even if the taxpayer in this case had raised an issue of unconstitutional application of the assessment statutes, since his grievance existed prior to the 1975 and 1976 dates of finality, the case falls within the usual principle that when a constitutional issue goes to the application of a statute, rather than the statute on its face, resort must be had to the statutory, administrative and judicial review remedies. As the plaintiff failed to file timely protests of the 1975 and 1976 assessments, he had "no further remedy and the assessment that has been allowed to become final remains on the books for the year in question." *La Belle v. State Tax Comm., supra,* 217 Md. at 452.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court with instructions to affirm the judgment of the Circuit Court for Prince George's County.*
>
> *Respondent to pay costs.*

---

6. In oral argument before us, counsel for the taxpayer acknowledged that there were no allegations of an unconstitutional application of § 67 (a).