MONTGOMERY COUNTY COUNCIL *v.* SUMMERS ET UX.

[No. 131, September Term, 1974.]

*Decided March 4, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and O'DONNELL, JJ.

*Nathan J. Greenbaum* and *H. Christopher Malone, Assistant County Attorneys,* with whom were *Richard S. McKernon, County Attorney,* and *Alfred H. Carter, Deputy County Attorney,* on the brief, for appellant.

No brief filed on behalf of appellees.

SMITH, J., delivered the opinion of the Court.

We shall here reinstate an assessment made by appellant,

Montgomery County Council (the Council), for road improvements in that county. The litigation apparently was produced by a basic misunderstanding of the formulae mandated by the code of that county for computation of such assessments.

The Council adopted an ordinance on November 10, 1970, assessing a portion of the cost of construction and reconstruction of Tilden Lane against land owned by appellees, A. Burks Summers *et ux.* (the Summers). The assessment was made pursuant to the authority of Montgomery County Code (1965), § 24-36 providing that upon completion of a project "the council shall by ordinance assess the costs thereof (including the actual cost of publication of notices, the conduct of hearings, advertising for bids, engineering, and all costs of financing incurred prior to the adoption of the ordinance) against the adjacent properties as provided in the road construction code in force at the time," with the "assessments [to] be computed on the basis of the linear frontage of such properties . . . ." Pursuant to the right granted by that section, the Summers appealed the assessment to the Circuit Court for Montgomery County.

The assessment comprised the following items:

new construction
   (497.4 linear feet x $26.3795429
      per foot)               $13,121.18

reconstruction
   (45 linear feet x $5.20011388 per
      foot)                234.01

sidewalks
  (542.4 linear feet x $1.66914077
      per foot)                                        905.34

sod
  (542.4 linear feet x $.867596771
      per foot)                                        470.57 [1]

driveway entrance
  (SLB — special lot benefit; actual
      cost)                                            364.04
                                                  _____
      Subtotal                                    $15,095.14

engineering
  (10% of subtotal)                                  1,509.51

advertising
  (1 cent per foot — 542.4 feet)                         5.42
                                                  _____
      Total                                       $16,610.07

Tilden Lane was improved to a width of 36 feet and was designated as a primary residential road. The land of the Summers had a total frontage on that road of 542.4 feet. New construction took place on 497.4 feet of that frontage with reconstruction on the remainder of 45 feet. Montgomery County Code (1965), § 103-15 (b) (1) provides that in the case of the reconstruction of "an arterial road within the suburban district, or where it passes through or abuts a subdivision, a primary or secondary residential road, an alley or a service drive — the cost of curbs and gutters, sidewalks, returns of curbs, sidewalk and driveway entrances, and two-thirds of the cost of the paving" are to be "chargeable and assessed to the benefited abutting

---

1. By our calculation this should be $470.58. The county assessed at $470.57. Nobody has disputed this figure.

properties" with the proviso "that where [, as was the case here,] a road is of greater width than twenty-six feet, two-thirds of the cost of paving a twenty-six foot road shall be the paving cost chargeable to the abutting owners." Section 103-15 (b) (2) provides that "[i]n the case of any road which has not previously been accepted for maintenance or is not being maintained by the county, the cost shall include," where the road is "a primary residential road — the cost of grading, drainage structures, curbs and gutters, sidewalks, returns of curbs, sidewalk and driveway entrances and paving."

As the trial judge put it, he "upheld the validity of the action of the Montgomery County Council in charging a special assessment against the property of the A. Burks Summers *et ux.* . . . for new construction and reconstruction of Tilden Lane abutting their property. The court further upheld the special assessment against the [Summers'] property for reconstruction of forty-five feet of the said public street in the amount of $8.51 per [front] foot. The court then took the question of the cost per foot of new construction under advisement . . . ." The problem that arose was that the trial judge was unable to reconcile the $8.51 per foot total assessment for reconstruction, of which $5.20 was the cost of paving two-thirds of a twenty-six foot road, with the $31.81 assessment for new construction for which he said no breakdown was included in the record.[2] We find such a breakdown. Accordingly, he proceeded to reverse so much of the special assessment as exceeded $8.60 per foot for new construction, affirming "[t]he remaining assessment for reconstruction and sidewalks, sod, the driveway entrance, applicable engineering and advertising costs." Because engineering costs were based upon 10% of the total construction costs this required a recalculation of the sum assessed for engineering costs.

The worksheets submitted to the trial judge and before us

---

2. The total of $8.51 for reconstruction and $31.81 for new construction each included the 10% engineering fee which actually was computed, as we have already shown, with reference to each property owner's individual assessment.

show how the County Council arrived at the assessment which it called a "composite cost." It must be borne in mind that in the case of new construction the entire cost of grading, drainage structures, curbs and gutters, sidewalks, returns of curbs, sidewalk and driveway entrances, and paving for the full width were to be taken into consideration while for reconstruction the items to be considered were only curbs and gutters, sidewalks, returns of curbs, sidewalk and driveway entrances, and two-thirds of the cost of paving a twenty-six foot road. This was one project. Both new construction and reconstruction were included in it. Under new construction the County Council listed each of the expenses which could be assessed for new construction. This came to a total cost of $203,845.28. Under reconstruction but three items appeared, $19,738.16 for the cost of curbs and gutters, identical with a like sum appearing under new construction, and $12,581.66 and $7,863.54 for bituminous concrete, being portions of the items of $30,779.24 and $17,380.93 for such paving, respectively, appearing under new construction. This was the adjustment for two-thirds of the cost of paving a twenty-six foot road. The figure thus produced for reconstruction was $40,183.36. In each instance the total project charges which could be assessed to property owners were divided by 7,727.4, the number of assessable linear feet in the entire project, thus producing $26.3795429 per foot as the composite cost of new construction and $5.2011388 as the composite cost of reconstruction. The number of feet of new construction owned by the Summers, 497.4 feet, times this new construction cost equals $13,121.18, the new construction cost assessed by the County Council against the land of the Summers. There was no contest relative to the other items in the assessment. It should be noted that the entire cost of the project was $301,507.42 of which but $92,277.58 was assessed against abutting property owners. The county taxpayers bore the cost of the remainder.

We have painstakingly verified the mathematical computations of the engineers for Montgomery County and find no error in those computations, in the reasoning upon

which they were based, or in the applicability of those computations under the Montgomery County Code to the land of the Summers. We reiterate what Judge Prescott said for the Court in *Leonardo v. County Comm.*, 214 Md. 287, 134 A. 2d 284 (1957), *cert. denied*, 355 U. S. 906 (1957), *reh. denied*, 355 U. S. 967 (1958), quoted by us in *Milestone v. Wash. Sub. San. Comm'n*, 256 Md. 245, 254-55, 260 A. 2d 43 (1969):

> "The mode of assessment is a legislative question, subject to constitutional limitations. The mode may be committed to municipal authorities and the general rule is that the exercise of their discretion therein, if made according to a definite and just plan, will not be reviewed by the courts where neither fraud nor mistake appears. [14] McQuillin, [*Municipal Corporations*], § 38.111 [(3rd Ed.)]." *Id.* at 307.

*Cf. Somerset County Sanit. v. Chamberlin*, 254 Md. 630, 255 A. 2d 290 (1969). Accordingly, the trial judge erred and the assessment must be reinstated.

> *Order vacated and case remanded for entry of an order affirming the original assessment by the Montgomery County Council; costs to be paid by the appellees.*