COUNTY EXECUTIVE FOR MONTGOMERY COUNTY, MARYLAND ET AL. *v.* SUPERVISOR OF ASSESS- MENTS OF MONTGOMERY COUNTY ET AL.

[No. 220, September Term, 1974.]

*Decided June 27, 1975.*

The cause was argued before Murphy, C. J., and Singley, Smith, Digges, Levine, Eldridge and O'Donnell, JJ.

*H. Christopher Malone, Assistant County Attorney,* with whom were *Richard S. McKernon, County Attorney,* and *Robert G. Tobin, Jr., Deputy County Attorney,* on the brief, for appellants.

*Robert H. Metz,* with whom were *R. Robert Linowes* and *Linowes & Blocher* on the brief, for Warren K. Montouri, part of appellees. No brief filed on behalf of other appellee.

Digges, J., delivered the opinion of the Court.

This case concerns whether the Maryland Tax Court, an appellate administrative agency, may impose through its statutory rule-making power preconditions, in addition to those specifically provided by legislative enactment, to its acquiring jurisdiction over an appeal. The Montgomery County Council and James P. Gleason, the County Executive,[1] appellants both in this Court and before the Maryland Tax Court, appeal from an order of that agency dismissing their "petition of appeal" for lack of jurisdiction because they, within the applicable statutory time period, failed to name the taxpayer as a respondent. As we conclude that this petition of appeal need not have designated anyone as a respondent in order for the agency's jurisdiction over the appeal to have attached, we will reverse and remand the case for further proceedings.

The record shows that Felix and D. Montouri owned an unimproved parcel of real estate in Rockville, Maryland,

---

1. At oral argument in the Court of Appeals, the appellee-taxpayer abandoned his contention that it is the corporate entity of Montgomery County, Maryland, and not the appellants, which had the right of appeal to the Maryland Tax Court under Maryland Code (1957, 1975 Repl. Vol.) Art. 81, § 256 (a), and accordingly we need not consider that issue. For a case holding that it is Montgomery County, Maryland, and not the County Council, that is entitled to appeal under § 256 (a), see County Council v. Supervisor, 274 Md. 116, 123, 332 A. 2d 897, 901 (1975).

known as "Dan" and consisting of 10.003 acres, which the Supervisor of Assessments for Montgomery County, an appellee,[2] on June 13, 1972, valued for tax purposes at $506,520 for the 1972 levy year. On July 12, 1972, the owners, pursuant to the statute then in effect, Maryland Code (1957, 1969 Repl. Vol.) Art. 81, § 255 (b), requested a hearing before Montgomery County's Appeal Tax Court, the county's "final assessing authority," which had the power to review the decision made by the Supervisor of Assessments.[3] While this matter was pending before that county agency, although it is not clear from the record exactly when, Warren K. Montouri, the other appellee, acquired ownership of the property.[4] Thereafter, the Appeal Tax Court advised the parties, by notice dated June 19, 1973, that it had lowered the assessed value of the land to $379,890. This action so displeased the appellants that they filed, on July 18, 1973, a petition of appeal with the Maryland Tax Court. The only respondent named in that petition, however, was the Supervisor of Assessments for Montgomery County and he, on August 6, 1973, moved to dismiss the appeal on the ground that the appellants "failed to name parties necessary to this proceeding, namely, the taxpayers and owners of the premises in question, Felix and D. Montouri." (Actually at that time Warren K. Montouri appears to have been the owner.) There matters stood until February 2, 1974, when the appellants filed a petition to add Warren K. Montouri as a respondent, which in turn prompted him to file an opposition petition together with a motion to dismiss the appeal. After a hearing on Montouri's motion, the Maryland Tax Court ordered the appeal dismissed on August 21, 1974, on the ground that it lacked jurisdiction; from this dismissal

---

2. This appellee neither filed a brief nor participated in proceedings before the Court of Appeals.

3. Effective July 1, 1973, § 255 (b) was amended so as to substitute Property Tax Assessment Appeal Boards in place of Appeal Tax Courts and other designated administrative agencies of Baltimore City and of the several counties as the final local assessing authorities. Code (1957, 1975 Repl. Vol.) Art. 81, § 255 (b). See *id.* at § 248 (a) (creating the Property Tax Assessment Appeal Boards).

4. The tract was also reduced in size from 10.003 to 9.48 acres, although how, when and under what circumstances is not disclosed by the record.

the appellants took a timely appeal to this Court pursuant to Code (1957, 1975 Repl. Vol.) Art. 81, § 229 (l).

Before discussing the specific issue involved in this appeal, we note that, under Code (1957, 1971 Repl. Vol.) Art. 41, § 318 (l),

> "the Maryland Tax Court [has] . . . jurisdiction to hear appeals from the decision, determination, or order of any final assessing or taxing authority of the State, or of any agency, department, or political subdivision thereof, with respect to the valuation, assessment, or classification of property, or the levy of a tax, or with respect to the application for an abatement or reduction of any assessment, or tax, or exemption therefrom." *See* Code (1957, 1975 Repl. Vol.) Art. 81, § 224 (creating the Maryland Tax Court). See and compare *Mont. Co. Council et al. v. Supv'r of Assess. for Mont. Co., et al.*, 275 Md. 339, 340 A. 2d 302 (1975).

The question presented here is whether the appellants' petition of appeal, filed pursuant to sections 256 and 229 of Article 81, was sufficient to invoke the jurisdiction of the Maryland Tax Court.[5] In order to resolve this issue it is first necessary that we examine the provisions of these two sections, the pertinent parts of which read as follows:

> § 256 (a) "Any taxpayer . . . or the county commissioners of any county [(which has been interpreted by *County Council v. Supervisor,* 274 Md. 116, 123, 332 A. 2d 897, 901 (1975) to include the appropriate corporate entity of a county)] where an appeal tax court has been duly created claiming to

---

**5.** It is not contended that the appellants failed to exhaust their remedies before the Appeal Tax Court, Montgomery County's final assessing authority, as required by Code (1957, 1975 Repl. Vol.) Art. 81, § 230. *Cf.* Radin v. Supervisor of Assess., 254 Md. 294, 297, 255 A. 2d 413 (1969). Although seemingly of no consequence, we note that the legislature apparently overlooked § 230 when it systematically, by chapter 784 of the 1973 Laws of Maryland, substituted Property Tax Assessment Appeal Boards for Appeal Tax Courts and other final local assessing authorities in Article 81.

be aggrieved because of any assessment or classification, or because of any increase, reduction, abatement, modification, change or alteration or failure or refusal to increase, reduce, abate, modify or change any assessment, or because of any classification or change in classification, or refusal or failure to make a change, by any final assessing authority under § 255 of this article, may by petition appeal to the Maryland Tax Court therefrom as provided in § 229 in this article, and said Court shall hear and determine all such appeals within sixty days from the entry thereof. Such appeal shall be taken . . . within thirty days after the date of the action or failure or refusal to act complained of . . . . No appeal on behalf of a taxpayer shall be allowed under this section from a failure or refusal to abate, reduce, or reclassify an existing assessment unless application in writing for such action shall have been filed by the appellant with the final assessing authority appealed from within the time limited for the filing of a demand for a hearing by § 255 of this article.

"(b) *Contents of petition.*—A petition of appeal provided for by subsection (a) of this section shall set forth that the assessment or classification is illegal, specifying the ground of alleged illegality, or is erroneous by reason of overvaluation or undervaluation, or that the assessment is unequal in that it has been made at a higher proportion of value than other property of the same class, or said petition may assign any other errors which may exist in the particular case for which an appeal is allowed, and on account of which petitioner claims to be injured:" Code (1957, 1975 Repl. Vol.) Art. 81, § 256.

§ 229 (a) *"Petition and response.*—All appeals to the Court, of whatever nature, shall be noted by the filing of a written petition which shall set forth succinctly the nature of the case, the facts involved

and the question or questions to be reviewed by the Court. The opposing party shall make such response as the Court may by rule prescribe." Code (1957, 1975 Repl. Vol.) Art. 81, § 229 (a).

Plainly, these sections of the Code do not require that the petition of appeal name a respondent. Indeed, the only provision of the Code which even arguably obliges the appellants, directly or indirectly, to designate the taxpayer as a respondent in their petition of appeal is section 229 (b), which states that the Maryland Tax Court

"shall have power, subject to the provisions of this article, to adopt such reasonable rules of procedure relating to pleadings, notices, hearings and arguments as it may deem proper." Code (1957, 1975 Repl. Vol.) Art. 81, § 229 (b).[6]

The Maryland Tax Court, relying on the authority granted by section 229 (b), promulgated rules of procedure, effective April 1, 1964, Rule 1(a) of which declares that:

"All proceedings shall be initiated by filing with the Court a Petition of Appeal. . . . In an appeal by an assessing or taxing authority or representative thereof, the taxpayer shall be designated as Respondent."

Based on these statutory provisions and its own rule, the Maryland Tax Court concluded that it was without jurisdiction to entertain the petition of appeal. The agency reasoned that since it is a jurisdictional requirement of section 256 (a) that the petition of appeal be filed within the appropriate 30-day time span (see *LaBelle v. State Tax Comm.*, 217 Md. 443, 451-52, 142 A. 2d 560 (1958)) and since, by its own Rule 1(a), the appellants were required in their appeal petition to name the taxpayer as a respondent, when

---

6. The power of the Maryland Tax Court to promulgate procedural rules under § 229 (b) is specifically made "subject to the provisions of this article," which would include the admonition of § 229 (c) that the "[p]roceedings before the [Maryland Tax] Court shall be de novo and shall be conducted in a manner similar to proceedings in courts of equity in this State."

the appellants did not do so within the 30-day period, the Maryland Tax Court had "no jurisdiction" to hear the case.

The Maryland Tax Court's logic, however, is not forged of the purest steel, for in it we find a flaw. The imperfection we detect is that the administrative agency has interpreted section 229 (b) as granting it the power to formulate rules delimiting its jurisdiction. Of course, in divining the meaning of section 229 (b), "the cardinal rule of construction . . . is to ascertain and carry out the real legislative intention," *Scoville Serv., Inc. v. Comptroller,* 269 Md. 390, 393, 306 A. 2d 534 (1973), and "if there is no ambiguity or obscurity in the language the legislature elected to utilize to express its mandate, the usual and literal meaning of the terminology employed will prevail." *Bright v. Unsat. C. & J. Fund Bd.,* 275 Md. 165, 338 A. 2d 248 (1975). We find the legislative intent expressed in section 229 (b) to be clear — the Maryland Tax Court is granted the power "to adopt . . . reasonable rules of procedure relating to pleadings, notices, hearings and arguments" to be applied after it has jurisdiction, not the power to adopt procedural rules which affect its obtaining jurisdiction. Even if we thought section 229 (b) to be ambiguous as to the extent of the agency's rule-making power, this uncertainty concerning the legislature's intent would vanish upon a reading of section 229 (f). That section provides that the Maryland Tax Court

> ". . . may permit or require all explanations, amendments and additions to be made to any of the proceedings or pleadings, *including the petition of appeal,* as in its discretion shall be necessary or desirable so that the case may be properly heard and determined." (Emphasis added.) Code (1957, 1975 Repl. Vol.) Art. 81, § 229 (f).

We think it would be anomalous to conclude that the General Assembly intended to give the Maryland Tax Court the power to regulate its own jurisdiction by promulgating rules governing the prerequisites for a valid petition of appeal, when at the same time the legislature granted the agency discretionary authority to allow curative

amendments to nonconforming petitions — as then the jurisdiction of the agency over an appeal in which a defective petition was filed would depend on whether the agency in fact exercised its discretion so as to allow an amendment. This is not to say that, under proper circumstances, an appeal petition which does not conform with Maryland Tax Court rules, validly adopted pursuant to section 229 (b), and which is not amended under section 229 (f) so as to comply, cannot be dismissed on that basis, but only that the dismissal may not be on the ground of lack of jurisdiction.

Having concluded that the Maryland Tax Court erred in dismissing for lack of jurisdiction the petition of appeal, it becomes unnecessary to consider the other contentions made by the appellants.

> *Order of the Maryland Tax Court dismissing the petition of appeal reversed and the case is remanded to that agency for further proceedings.*
>
> *Costs to be paid by appellee Warren K. Montouri.*