614 A.2d 78

**COUNTY COUNCIL OF HARFORD CO.**

v.

**MARYLAND RECLAMATION ASSOCIATES, INC.**

No. 26, Sept. Term, 1992.

Court of Appeals of Maryland.

Oct. 23, 1992.

Motion for Reconsideration Denied Dec. 4, 1992.

James R. Eyler (Kara M. Miller, Miles & Stockbridge, all on brief), Baltimore, for petitioner.

Robert J. Carson (Randall M. Lutz, Smith, Somerville and Case, all on brief), Baltimore, William D. Hooper, Jr., (Lentz, Hooper, Jacobs & Blevins, both on brief), Bel Air, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ELDRIDGE, Judge.

The focus of the dispute in this case is Harford County's Solid Waste Management Plan and a May 8, 1990, resolution of the Harford County Council purporting to delete a proposed rubblefill site, owned by the respondent, from the County's Solid Waste Management Plan.

On May 11, 1990, the respondent, Maryland Reclamation Associates, Inc., commenced the present action by filing a complaint in the Circuit Court for Harford County against two defendants, which were the "County Council of Harford County" and "Harford County, Maryland, a body corporate and politic." Subsequently, eight individuals owning property adjacent to the respondent's proposed rubblefill were allowed by the circuit court to intervene as defendants.

In its complaint, the respondent sought a declaratory judgment that the resolution on May 8, 1990, purporting to delete the proposed rubblefill from the County's Solid

Waste Management Plan, was unauthorized, unlawful, unconstitutional, invalid under principles of waiver and estoppel, and is null and void. The respondent also sought an injunction restraining "the County Council and Harford County" from implementing the resolution. Various grounds were set forth which assertedly warranted the relief sought.

The defendants then answered the complaint, and the plaintiff-respondent filed a motion for summary judgment. Thereafter memoranda of law, affidavits, and other documents were filed, and the circuit court held hearings extending over two days. On October 10, 1990, the circuit court filed an extensive opinion and order which granted the respondent's motion for summary judgment and which declared, *inter alia*, that the County Council "did not have the authority to pass" the resolution on May 8, 1990, "that the Council erred by reconsidering" the prior decision which had placed the respondent's proposed landfill in the County's Solid Waste Management Plan, and that the May 8th resolution was "void."

On October 30, 1990, the eight individual adjacent property owners filed a notice of appeal, and on November 9, 1990, the "County Council" filed a notice of appeal. The defendant "Harford County" did not file a notice of appeal. The individual property owners and the "County Council" filed briefs in the Court of Special Appeals and participated in the oral argument before that court. Harford County neither filed a brief nor participated in the oral argument. The Court of Special Appeals, in an extensive opinion dealing with numerous issues, affirmed the judgment of the Circuit Court for Harford County. *Holmes v. MRA*, 90 Md.App. 120, 600 A.2d 864 (1992).

A single petition for a writ of certiorari was filed in this Court by "the County Council of Harford County," which was represented by a private law firm in Baltimore City. The individual adjacent property owners, who were defendants in the circuit court and appellants in the Court of Special Appeals, did not join in the County Council's peti-

tion, did not file a separate petition for a writ of certiorari, and did not file any other document in this Court. Nothing was filed in this Court on behalf of Harford County or by the Harford County Department of Law.

This Court on June 15, 1992, granted the County Council's petition for a writ of certiorari, *County Council v. Maryland Reclamation,* 327 Md. 55, 607 A.2d 564 (1992). At oral argument before us, the matter of the County Council's right to seek appellate review in this Court was raised and explored. As we have determined that the County Council is not entitled to obtain appellate review in this case, and as there are no other parties seeking appellate review in this Court,[1] we shall dismiss the writ of certiorari.

In *County Council v. Supervisor,* 274 Md. 116, 332 A.2d 897 (1975), the County Council of Montgomery County filed appeals to the Maryland Tax Court from decisions of the Appeal Tax Court for Montgomery County, and the Maryland Tax Court dismissed the County Council's appeals. Upon further appeal to this Court, we upheld the Tax Court's dismissal. In an opinion by Judge Smith on behalf of the Court, we first reviewed the provisions of Art. XI-A of the Maryland Constitution relating to charter home rule counties. We pointed out that in a charter county, it is the executive or "president" and the council together that constitutes the corporate body which is the successor to the former county commissioners and which is the equivalent of the Mayor and City Council of Baltimore. The Court thus explained (274 Md. at 123, 332 A.2d at 900–901):

---

**1.** "Where there exists a party having standing to ... take an appeal, we shall not ordinarily inquire as to whether another party on the same side also has standing." *Board v. Haberlin,* 320 Md. 399, 404, 578 A.2d 215, 217 (1990). *See also Sugarloaf v. Waste Disposal,* 323 Md. 641, 650 n. 6, 594 A.2d 1115, 1119 n. 6 (1991); *State v. Burning Tree Club, Inc.,* 315 Md. 254, 291, 554 A.2d 366, 385, *cert. denied,* 493 U.S. 816, 110 S.Ct. 66, 107 L.Ed.2d 33 (1989); *Montgomery County v. Board of Elections,* 311 Md. 512, 516 n. 3, 536 A.2d 641, 643 n. 3 (1988); *State's Atty. v. City of Balto.,* 274 Md. 597, 602, 337 A.2d 92, 96 (1975).

"When one considers the fact that at the time of the adoption of Art. XI–A the corporate name of the City of Baltimore was 'Mayor and City Council of Baltimore,' that by the provisions of Art. 25, § 1 county commissioners of each county are 'declared to be a corporation,' that one would hardly expect to call the chief executive officer of a county 'mayor,' and the words 'President and County Council' are an approximation of 'Mayor of Baltimore and City Council of the City of Baltimore,' it becomes obvious to us that the intent of the framers of the amendment was to refer to the county in its corporate capacity, by whatever name it might ultimately be known upon the adoption of a charter. Accordingly, we conclude that it is the corporate entity of Montgomery County, Maryland, so known in its charter, which is vested with the right of appeal ... in lieu of the prior corporate entity, the County Commissioners of Montgomery County."

We went on to hold that the County Council had no right to appeal, stating (*ibid.*):

"For purposes of this opinion we need go no further than to say that it is necessary that the appeal be maintained in the name of the corporate entity. Since the County Council is not the corporate entity, an appeal may not be maintained in its name."

*See also County Exec. v. Supervisor*, 275 Md. 392, 393 n. 1, 340 A.2d 246, 247 n. 1 (1975); *Mont. Co. Council v. Supervisor*, 275 Md. 339, 342, 340 A.2d 302, 304 (1975); Charter of Harford County, Maryland, §§ 103, 904.[2] The holding in

---

**2.** Section 103 of the Harford County Charter states in relevant part as follows:

"The corporate name shall be 'Harford County, Maryland,' and it shall be so designated in all actions and proceedings touching its rights, powers, properties, liabilities, and duties."

Section 904 of the Charter provides as follows:

"All references [in] the Constitution and the laws of this state to the County Commissioners shall, at such time as the elected members of the first Council and the first County Executive take office, be construed to refer to the Council and to the County Executive whenever such construction would be reasonable. The Council

*County Council v. Supervisor, supra,* would appear to be dispositive with regard to the Harford County Council's right to seek appellate review in this Court.

■ There are exceptions to the general rule that an appeal on behalf of a charter county, such as Harford County, is to be maintained in the county's corporate name, or at least by the executive and council together, but not by the county council alone. For example, where a valid statutory or charter provision makes a county council the sole agency for performing a function or resolving a matter, or provides that the county council may be a party in litigation with respect to the matter, then the county council may be an appropriate party to appeal or to petition for a writ of certiorari. *See, e.g., Co. Council v. Carl M. Freeman Assoc.,* 281 Md. 70, 376 A.2d 860 (1977); *County Council v. District Land,* 274 Md. 691, 337 A.2d 712 (1975); *Montgomery Co. Council v. Summers,* 274 Md. 110, 332 A.2d 646 (1975).

■ During oral argument before us in the present case, it was suggested on behalf of the Harford County Council that the provisions of Maryland Code (1982, 1987 Repl.Vol., 1992 Cum.Supp.), §§ 9–501 through 9–521 of the Environment Article, authorize the "County Council" itself to adopt, review, revise and amend Harford County's Solid Waste Management Plan. Sections 9–501 through 9–521 of the Environment Article relate to "County Plans" providing for, *inter alia,* solid waste disposal systems, solid waste acceptance facilities, and collection and disposal of solid waste. According to the Harford County Council, the Harford County Solid Waste Management Plan was adopted "pursuant to [these] state statutory requirements currently set forth in Title 9 of the Environment Article of the Annotated

---

shall succeed to all legislative powers vested heretofore in the County Commissioners and the County Executive shall succeed to all executive and administrative powers heretofore vested in the County Commissioners by the Constitution and laws of this State except as provided in this Charter."

Code of Maryland" (petitioner's brief, p. 2). If these provisions of state law were to authorize the Harford County Council itself to adopt or amend the County's Solid Waste Management Plan, then the County Council arguably would be an appropriate entity to appeal or petition for certiorari on behalf of Harford County.

Sections 9–501 through 9–521 of the Environment Article, however, do not authorize a county council itself to adopt or amend a county's solid waste management plan. Instead, the authority is repeatedly granted to the "county governing body" or the "governing body of [the] county." *See,* *e.g.,* § 9–501(k) (" 'Proposed county plan' means a county plan that: (i) Has been adopted by the county governing body ..."); § 9–503(b) ("each county governing body shall review its county plan at least once every 2 years ..."); § 9–503(c) ("Each county governing body shall adopt and submit to the Department a revision or amendment to its county plan if: (1) The governing body considers a revision or amendment necessary ..."); § 9–503(d); § 9–504(b) (relates to a "subsidiary plan" adopted by "the governing body of each county"); § 9–505(e)(1); § 9–507(a) (refers to the submission by "a county governing body" of its proposed plan to the Department); § 9–507(e) (deals with the "[e]ffect of county plans after adoption by county governing body"). Section 9–514, specifically dealing with the "county plan in Harford County," refers to the approval of the plan by "the Harford County governing body" and refers to other action regarding the plan to be taken by "the Harford County governing body."

The Department of the Environment regulations implementing §§ 9–501 through 9–521 expressly define "governing body" in a charter county to mean the "County Executive and Council." *See* COMAR 26.03.03.01B(4) (" 'Governing body' means the Board of County Commissioners, or the County Executive and Council, or the Mayor and City

Council of Baltimore").[3] *See also County Council v. Supervisor, supra,* 274 Md. at 121–123, 332 A.2d at 899–901; Charter of Harford County, *supra,* §§ 103, 904.

Consequently, §§ 9–501 through 9–521 of the Environment Article do not authorize the Harford County Council itself to adopt or amend Harford County's Solid Waste Management Plan. Those sections furnish no support for a contention that the County Council alone is an appropriate party to seek appellate review of a circuit court decision invalidating an amendment to the Harford County Solid Waste Management Plan. On the contrary, those sections confirm that the proper party would be the corporate entity of "Harford County, Maryland" or the County Council and County Executive together. In the present case, however, the corporate entity—Harford County—decided not to seek appellate review of the circuit court decision.

Although our dismissal of the writ of certiorari will have the effect of leaving intact the opinion and judgment of the Court of Special Appeals, our action should not be construed as approval of the intermediate appellate court's opinion and judgment.

WRIT OF CERTIORARI DISMISSED.

EACH SIDE TO PAY OWN COSTS.

CHASANOW, J., would simply dismiss this writ of certiorari as having been improvidently granted.

---

**3.** While the Environment Article of the Maryland Code itself does not define the term "county governing body," the Legislature elsewhere has defined the term to mean, in a charter county, the council and the executive together. *See, e.g.,* Code (1974, 1990 Repl.Vol.), § 8–701(d) of the Natural Resources Article (" 'Governing body' means the county commissioners, county executive and county council of any county, the Mayor and City Council of Baltimore, and the elected officials of any municipal corporation in the State, subject to Article XI–E of the Maryland Constitution"); Code (1978, 1989 Repl.Vol.), § 5–102(c)(1) of the Education Article ("county governing body ... consists of a county executive and county council").